M. Caleb Meyer, Esq.
Nevada Bar No. 13379
Renee M. Finch, Esq.
Nevada Bar No. 13118
**MESSNER REEVES, LLP**
8945 West Russell Road, Suite 300
Las Vegas, NV 89148
Telephone:	(702) 363-5100
Facsimile:	(702) 363-5101
E-mail:	cmeyer@messner.com
	rfinch@messner.com
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELIANA R. MORGENSTERN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation; DOES I through XX, inclusive; and ROE BUSINESS ENTITITIES I through XX, inclusive,<br><br>Defendants. | Case No.   2:23-cv-01021<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL REVIEW REQUESTED** |

Plaintiff, ELIANA R. MORGENSTERN ("Plaintiff"), by and through her counsel of record Paul S. Padda, Esq. and Srilata R. Shah, Esq. of PAUL PADDA LAW, PLLC., and Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ("Defendant") by and through its counsel of record, M. Caleb Meyer, Esq. and Renee M. Finch, Esq. of MESSNER REEVES, LLP, submit the following Joint Discovery Plan and Scheduling Order ("Plan"). The parties conducted a discovery planning conference on August 2, 2023 and submit the discovery plan for review and approval.

The standard discovery plan would end discovery on January 8, 2024, with initial expert disclosures due on November 9, 2023 and rebuttal experts due on December 11, 2023. This matter

involves allegations of bad faith and thus necessitates corporate discovery to include in-depth written discovery responses and corporate designee deposition(s). The parties are in the process of negotiating an applicable protective order and confidentiality stipulation that will require agreement prior to the disclosure of corporate policies and procedures. The claims file contains over 1,100 pages that will require redaction and the creation of an appropriate privilege log. For the parties to adequately prepare their claims and defenses related to the bad faith allegations, all the appropriate documents must be disclosed, reviewed, and sent to various experts. Plaintiff will request various corporate documents that will have to be internally identified and properly redacted prior to production. Typically, production of internal confidential and proprietary claims documents can include documents in the thousands of pages. This portion of the file alone is anticipated to take several months.

Further, both parties seek to identify and retain expert witnesses in preparation for the trial in this matter. Given that the expert disclosure dates are fast approaching on the standard schedule and the rebuttal timeframe includes the Thanksgiving holiday, both parties anticipate that there will be a request for additional time. To avoid a future request of that nature, the parties have agreed to submit a plan that contemplates nine (9) months of discovery instead of the standard six (6) month timeframe.

1. **Changes in the timing, form or requirements for Rule 26(a) Disclosures:** The parties have agreed the Rule 26(a) disclosure deadline is August 16, 2023.

2. **Subjects on which discovery may be made:**  The parties envision propounding written discovery, disclosing policies and procedures pursuant to protective order, conducting depositions of treating physicians, parties, corporate 30(b)(6) designees, and disclosed experts, and obtaining all relevant records through use of subpoena.  The parties also may conduct further discovery as may be allowed under the Federal Rules of Civil Procedure relating to the allegations set forth in Plaintiff's Complaint and Defendant's Answer.

3. **Changes to limitations on discovery:**  None.

4. **Discovery of electronically stored information:** The parties have implemented

litigation holds and taken other reasonable measures to preserve relevant documents, including electronically stored information ("ESI"), that are maintained in locations and systems where such relevant information is likely to be found in accordance with the Rules.

5. **Proposed Discovery Schedule for Special Review:**

| | | |
|---|---|---|
| a. | Close of Discovery: | April 10, 2024 |
| b. | Amend pleadings and add parties: | January 10, 2024 |
| c. | Initial Expert Disclosures: | February 9, 2024 |
| d. | Rebuttal Expert Disclosures: | March 11, 2024 |
| e. | Dispositive Motions: | May 10, 2024 |
| f. | Pretrial Order: | June 10, 2024* |

*In the event that dispositive motions are filed, the date for filing the joint pretrial order will be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court.

6. **Federal Rule of Civil Procedure 26(a)(3) Disclosures:** All disclosures required by Fed.R.Civ.P. Rule 26(a)(3) and any objections shall be included in the pretrial order submitted pursuant to Paragraph 5 above. Said disclosures, and any objections thereto, must be made and implemented into the pretrial order no later than set forth in Paragraph 5.

7. **Alternative dispute resolution:** The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration and, if applicable, early neutral evaluation. The parties agreed alternative resolution is not feasible at this time, but they will revisit these possibilities in the future.

8. **Alternative forms of case disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties agree that trial by magistrate and the

Short Trial Program are not appropriate for this case.

9. **Electronic evidence:** The parties certify that they discussed the presentation of electronic evidence to the jury at trial. At this stage they are unable to ascertain the need for electronic evidence and stipulate to meeting and conferring sixty (60) days in advance of trial to reach an agreement and protocol for such evidence, if needed.

IT IS RESPECTFULLY SUBMITTED.

Dated this 3rd day of August, 2023.

MESSNER REEVES, LLP.

/s/ Renee Finch
_____
M. Caleb Meyer, Esq.
Nevada Bar No. 13379
Renee M. Finch, Esq.
Nevada Bar No. 13118
8945 W. Russell Rd., Ste. 300
Las Vegas, NV 89148
*Attorneys for Defendants*

Dated this 3rd day of August, 2023.

PAUL PADDA LAW, PLLC.

/s/ Srilata Shah
_____
Paul S. Padda, Esq.
Nevada Bar No. 10417
Srilata R. Shah, Esq.
Nevada Bar No. 6820
4560 S. Decatur Blvd., Ste. 300
Las Vegas, NV 89103
*Attorneys for Plaintiff*

IT IS SO ORDERED

UNITED STATES MAGISTRATE JUDGE

DATED: August 4, 2023 _____

Prepared and submitted by:

MESSNER REEVES, LLP

/s/ Renee Finch
_____
M. Caleb Meyer. Esq.
Nevada Bar No. 13379
Renee M. Finch, Esq.
Nevada Bar No. 13118
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89145